Filed 7/16/24  P. v. Smith CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PRINTICE SMITH,<br><br>    Defendant and Appellant. | 2d Crim. No. B324598<br>(Super. Ct. No. 2022007770)<br>(Ventura County) |

Printice Smith was convicted of various offenses, including inflicting corporal injury on a dating relationship partner.  (Pen. Code, § 273.5, subd. (a).)  He was sentenced to state prison for two years.  He appeals contending that the trial court should have, sua sponte, instructed upon the defense of "accident."  This contention is without merit and we affirm the judgment.

Appellant was, for several years, in a "dating relationship" with his girlfriend, M.C.  They were homeless and living in a truck.  They argued and M.C. got out of the truck and appellant drove away.  She saw the truck minutes later and got into the truck's bed.  Appellant drove away in a manner that suggested

(and the jury believed) that appellant wanted her to be thrown out of the truck bed. She was thrown from the truck bed and sustained injuries.

Appellant defended on the theory that he was unaware, that is, he lacked knowledge that M.C. had gotten into the truck bed. He had poor eyesight, the truck was in need of repair making very loud noises so he would use the radio to lessen the noise of the truck, the brakes were poorly maintained and it was difficult to stop by using them. Had the jury credited this explanation, this would have been an absolute defense to the crime because it would show that he acted without criminal intent.

The trial court was not asked to give, and did not give, the standard "accident" instruction (CALCRIM 3404). However, appellant's theory of the case was presented, and rejected, by the jury.

The rules with respect to the trial court's duties to instruct, sua sponte, on defenses, are well known. For example, in *People v. Anderson* (2011) 51 Cal.4th 989, cited in the Bench Notes to CALCRIM No. 3404, the Supreme Court said, ""'when a defendant presents evidence [his testimony] to attempt to negate or rebut the prosecution's proof of an element of the offense [criminal intent], a defendant is not presenting a special defense invoking *sua sponte* instructional duties . . . .'""" (*Id.* at p. 996 [defense of accident].) We are bound by this precedent. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Appellant also contends that because no request for a "pinpoint" instruction was requested, he was deprived of the effective assistance of counsel. We disagree. Not to ask for this instruction was a reasonable tactical decision. Appellant's

articulated theory of defense was that he did not know the victim was in the truck bed.  It would have carried the day had not the People disproved it.

<em>Disposition</em>

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.


3

Anthony J. Sabo, Judge

Superior Court County of Ventura

_____


   Diane E. Berley, under appointment by the Court of
Appeal, for Defendant and Appellant.
    Rob Bonta, Attorney General, Lance E. Winters,
Chief Assistant Attorney General, Susan Sullivan Pithey, Senior
Assistant Attorney General, Amanda Lopez, Nicholas J. Webster,
Deputy Attorneys General, for Plaintiff and Respondent.